IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| SHAWN CLARK and ) | |
| JUAN A. DELGADO, ) | |
| ) | |
| Qui Tam Relators, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICAN COMMERCIAL ) | |
| COLLEGES, INC., ) | |
| ) | |
| Defendant. ) | Civil Action No. 5:10-CV-129-C |

## ORDER

On this date the Court considered Defendant American Commercial Colleges, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or for Failure to State a Claim Upon Which Relief Can Be Granted, filed May 14, 2012. The Court further considered Relators' Response, filed June 4, 2012. Although the United States of America filed its Complaint in Intervention on March 19, 2012, it did not file any response to Defendant's Motion to Dismiss.

Defendant argues that Relators can no longer continue to pursue any claims asserted under the Relator's Complaint. The Relators contend that only one claim brought by them in their Complaint has been subsumed by the claims alleged in the United States' Complaint in Intervention. Specifically, the Complaint in Intervention alleges that Defendant was not eligible for any Title IV funds from 2005 through 2011 because of Defendant's violations of the "90/10

rule." The Relators contend their multiple claims do not specifically fall within the claim asserted by the United States.

The Relators have directed the Court to statutory basis for them to continue as a party in this litigation even after the United States has intervened. The relevant provision states that "[s]uch person shall have the right to continue as a party to the action, subject to the limitations set forth in paragraph (2)." 31 U.S.C. § 3730 (c). The specifically mentioned limitations in paragraph 2 allows for the United States to seek dismissal of the action, settle the action, or seek to limit the participation of a relator. *Id.* at § 3730 (c)(2)(A)-(C). Paragraph 2 also allows a defendant to seek to limit participation of a relator by showing the participation is for the purpose of harassment or would create an undue burden upon the Defendant. *Id.* at § 3730 (c)(2)(D).

Here, Defendant has failed to meet its burden of showing that the Relators' participation in this lawsuit is for the purpose of harassment or will create an undue burden upon the Defendant. *See* 30 U.S.C. § 3730 (c)(2)(D). Furthermore, as stated above, the United States has filed no response to the Motion and thus does not appear to be asserting any grounds at this time for limiting the Relators' participation in this case. However, the Court notes that several of the Relators' claims appear to be closely linked to, and possibly even derivative of, the claims asserted by the United States. Thus, in the event the United States does later seek to limit the participation of the Relators as to those claims, or any others, the Court may revisit this issue at that time and rule accordingly.

Defendant also argues that the Relators failed to plead their fraud claims with sufficient particularity so as to comply with Federal Rule of Civil Procedure 9. The Relators counter that they pleaded: the "who" by name and/or job position; "what" documents were knowingly

2

falsified; "where" and "when" the documents were falsified; and "how" the documents were falsified and then presented to the government. The Court finds the Relators' Complaint to have sufficiently met the Rule 9 burden of alleging the "who, what, when, and where."

After careful consideration of the arguments presented, the Court is of the opinion that Defendant's Motion to Dismiss should be **DENIED** for the reasons argued by the Relators in their Response.[1]

SO ORDERED.

Dated this 15th day of February, 2013.

SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE

---

[1] The Court makes no implicit finding as to whether any claims asserted by the Relators may continue if the United States later seeks settlement or dismissal of this lawsuit. The statute indicates that the Government may clearly seek a dismissal or settlement of "the action" even over any objections from a relator. 31 U.S.C. § 3730(c)(2).