**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *ex rel.* SHAWN CLARK AND | § | |
| JUAN A. DELGADO, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:10-CV-129-C |
| v. | § | |
| | § | |
| AMERICAN COMMERCIAL | § | |
| COLLEGES, INC., | § | |
| | § | |
| Defendant. | § | |

**JOINT NOTICE OF SETTLEMENT-IN-PRINCIPLE AND REQUEST
FOR STAY OF PRETRIAL DEADLINES AND TRIAL DATE**

The United States of America (the United States), Defendant American

Commercial Colleges, Inc. ("ACC"), and Relators Shawn Clark and Juan A. Delgado

("Relators") (collectively, "the Parties") are pleased to report that they have reached a

settlement-in-principle that, if consummated as expected, would resolve all triable

claims in this action.[1]  As discussed more fully below, the settlement-in-principle

(hereafter, "the Proposed Settlement") was reached on an "ability-to-pay" basis, in

light of ACC's dire financial condition.  In order to avoid further deterioration of

ACC's financial condition that would occur if the parties were required to continue to

proceed with discovery and trial preparation while they work to obtain the necessary

---

[1] The parties have not yet reached agreement on one issue that would not be part of a trial in this action – in particular, the relators' share of the settlement proceeds to be received by the United States.  *See* 31 U.S.C. § 3730(d).  That issue, if not ultimately resolved by agreement between the United States and relators, would not be part of any trial in this action, but would rather be determined on motion to the Court following resolution (whether by settlement or judgment) of the substantive claims asserted against ACC.

**Joint Notice of Settlement-in-Principle and Request for Stay of Pretrial Deadlines and Trial Date – Page 1**

approvals from the requisite government officials and toward execution of the final settlement agreement, and in the interest of judicial economy, the Parties jointly request a stay of all trial and pretrial deadlines in this action for sixty (60) days. If the requested stay is granted, the Parties would immediately notify the Court when a final settlement agreement has been executed.

## I.   BACKGROUND

In July 2010, Relators filed this *qui tam* action under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, against ACC, their former employer. ACC is a privately-held proprietary school that, at the time of Relators' complaint, operated campuses in Texas (Lubbock, Odessa, Abilene, Wichita Falls, and San Angelo) and Louisiana (Shreveport). Relators alleged that ACC, among other things, falsified records submitted to the government, thereby misrepresenting its eligibility for Title IV, Higher Education Act funding. Relators alleged that ACC (1) violated and misrepresented its compliance with the "90/10 Rule," a statutory provision that requires that no more than 90 percent of a school's revenue be derived from Title IV funds; (2) misrepresented employment rates of its graduates in order to be eligible for state certification and Title IV funds; and (3) falsified other Title IV documents and student records, such as leaves of absence, attendance records, and academic progress reports.

In February 2012, the United States notified the Court that, pursuant to 31 U.S.C. § 3729(b)(4), the United States was intervening with respect to Relators' claims

**Joint Notice of Settlement-in-Principle and Request for Stay of Pretrial Deadlines and Trial Date – Page 2**

alleging violations of the 90/10 Rule, but declining to intervene with respect to Relators' remaining claims.  In March 2012, the United States filed its Complaint in Intervention for the intervened claims.  In May 2012, ACC filed an Answer to the United States' Complaint in Intervention and a Motion to Dismiss Relators' Complaint.

On May 15, 2012, the Court entered a scheduling order setting a May 6, 2013 trial date, with certain pretrial submissions and disclosures due by April 15, 2013.

On February 15, 2013, the Court denied ACC's Motion to Dismiss Relator's Complaint.  ACC has not yet filed an Answer to Relator's Complaint.

## II.   SETTLEMENT EFFORTS AND DISCOVERY

Soon after the United States filed its Complaint in Intervention, the Parties began working toward settling this case.  Those efforts were complicated, however, by ACC's deteriorating financial condition.  In October 2011, the Texas Workforce Commission notified ACC of its intent to revoke certifications of approval for two of its campuses (in Lubbock and Abilene).  As a result, those two campuses faced potential closure and were not permitted to enroll new students.  ACC also closed a third campus (in Shreveport) in late 2012, seriously impeding Defendant's financial ability to reach settlement, and changing the posture of the case.

Nevertheless, the Parties had made substantial progress in the course of settlement discussions during 2012, but those efforts were temporarily stalled in the fall of 2012 as a result of ACC's rapidly declining financial condition.  In addition, in

November 2012, John Allen Chalk and Thomas Brandon, ACC's lead counsel in this matter at that time, withdrew from their representation of ACC.

While the Parties had attempted to minimize litigation costs that could further deplete ACC's resources and undermine settlement efforts, with settlements efforts stalled in November 2012, the Parties needed to move forward with discovery. The Parties served discovery requests and responses in the ensuing months, and depositions were planned for later this month.

At the same time, settlement discussions resumed in January 2013, and have continued since that time. The settlement negotiations, from the start, have proceeded on an "ability-to-pay" basis in light of ACC's financial condition. On March 19, 2013, the Parties reached the Proposed Settlement, subject to government management approvals and execution of a final settlement agreement, to resolve all triable claims in this action.

### III.  REQUEST FOR STAY

In light of the Proposed Settlement, the Parties jointly request that the Court enter an Order staying all trial and pretrial deadlines in the action for sixty (60) days, allowing the Parties time to obtain the requisite government approvals and execute a final settlement agreement.

The Parties are mindful that the Court, in February 2013, noted that this was an old case having been pending for more than 30 months. But having now reached the Proposed Settlement, the case stands in a markedly different posture than it was in at

**Joint Notice of Settlement-in-Principle and Request for Stay of Pretrial Deadlines and Trial Date – Page 4**

that time.   Moreover, while the Parties have every expectation that the Proposed Settlement will be consummated, in the absence of the Stay requested herein, the Parties would have no choice but to proceed with depositions and other discovery, preparation of pretrial submissions, and other trial preparation tasks.   Pursuing those steps would further deteriorate ACC's financial condition, potentially undermining ACC's ability to settle the case.   Granting the requested Stay would also be in the interest of judicial economy, eliminating the need for Court to conduct a pretrial conference, review pretrial submissions, and rule on pretrial motions.

While the Parties are highly motivated to proceed with diligence toward execution of a final settlement agreement, obtaining the requisite approvals and consummating the agreement will take time.   This action involves both intervened claims and non-intervened claims being pursued by Relators, and the Proposed Settlement, premised on ACC's current and projected future financial condition, involves both fixed and contingent payments over time.   The Parties therefore propose that the trial date and all pretrial deadlines be stayed for sixty (60) days, and that, if the Parties have not yet executed a final settlement agreement within sixty (60) days after entry of the Court's Order, the Parties submit a joint status report to the Court advising the Court of the status of the settlement.

A proposed Order is submitted herewith.

Respectfully submitted,

STUART F. DELERY
PRINCIPAL DEPUTY ASSISTANT
ATTORNEY GENERAL

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

Michael D. Granston
Renée Brooker
Jay D. Majors
Attorneys, Civil Division
U.S. Department of Justice
Commercial Litigation Branch
Post Office Box 261, Ben Franklin Station
Washington, D.C.  20044
Telephone:  202.305.2335
Facsimile:  202.514.7361

/s/J. Scott Hogan
J. Scott Hogan
Assistant United States Attorney
SBN  24032425
Burnett Plaza, Suite 1700
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214.659.8640
Facsimile:  214.659.8807
scott.hogan@usdoj.gov

**Attorneys for the United States of America**

*CRAIG, TERRILL, HALE & GRANTHAM, L.L.P.*
9816 Slide Road, Suite 201
Lubbock, Texas 79424
Telephone:  (806) 744-3232
Facsimile:    (806) 744-2211


/s/ H. Grady Terrill
H. Grady Terrill
SBN 19792300
Andrew B. Curtis
SBN 24052013

**Attorneys for Defendant American Commercial Colleges, Inc.**


Julie Johnson
Law Office of Julie Johnson, PLLC
7557 Rambler Road, Suite 950
Dallas, Texas 75231

/s/ Julie E. Johnson
Julie Johnson
SBN 10758900

**Attorney for Relators**

## CERTIFICATE OF CONFERENCE

Pursuant to LR 7.1, the parties have conferred and mutually agreed to file this joint motion.

/s/ J. Scott Hogan
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2013, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the Electronic Case Files system of the Court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Procedure 5(b)(2).

/s/ J. Scott Hogan
Assistant United States Attorney